## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kou Thao Vang and Dao Vang, on behalf of themselves, others similarly situated, and the proposed Rule 23 Class,<br><br>Plaintiffs,<br><br>v.<br><br>KeyTronicEMS and CDR Manufacturing, Inc. d/b/a Ayrshire Electronics,<br><br>Defendants. | Court File No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

## PRELIMINARY STATEMENT

1. This case is about Defendants' intentional and illegal policy of refusing to pay its warehouse manufacturing employees for time spent donning and doffing protective gear and then waiting in line to clock into a timekeeping system.

2. By refusing to pay Plaintiffs and similarly situated employees for this time, Defendants have violated the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Plaintiffs bring Count I of this Complaint under the FLSA on behalf of all similarly situated employees who may choose to opt into this action under 29 U.S.C. § 216(b).

3. Defendants failure to pay employees for all work time also violates the Minnesota Payment of Wages Act, Minn. Stat. § 181.101 and applicable recordkeeping provisions, Minn. Stat § 177.30, which carry fines of $1,000 per violation. Plaintiffs bring these state law claims on behalf of a proposed class of manufacturing associates

pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, as this action is being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

5. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' state law claims, as Plaintiffs' state and federal claims derive from a common nucleus of operative fact.

6. Venue is proper in the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 1391, because Defendants reside in this District and because events giving rise to the claims occurred in this District.

## THE PARTIES

7. Plaintiff Kou Thao Vang is an adult resident of the State of Minnesota. Plaintiff Kou Thao Vang was employed by Defendants as a warehouse lead from approximately November 2012 to May 31, 2017 at its facility located in Oakdale, Minnesota.

8. Plaintiff Dao Vang is an adult resident of the State of Minnesota. Plaintiff Dao Vang was employed by Defendants as a material handler from approximately May 23, 2016 to May 31, 2017 at its facility located in Oakdale, Minnesota.

9. Defendant KeyTronicEMS ("KeyTronicEMS") is a domestic corporation with its principal place of business in Oakdale, Minnesota. KeyTronicEMS operates facilities in Spokane, Washington; Fayetteville, Arkansas; Corinth, Mississippi; and

Oakdale, Minnesota. KeyTronicEMS employed Plaintiffs.

10. Defendant CDR Manufacturing, Inc. d/b/a Ayrshire Electronics ("CDR") is a Kentucky corporation that does business throughout the country, including Fayetteville, Arkansas; Corinth, Mississippi; Harrodsburg, Kentucky; and Oakdale, Minnesota, with its principal place of business in Louisville Kentucky. CDR employed Plaintiffs.

## FACTUAL ALLEGATIONS

*KeyTronicEMS*

11. KeyTronicEMS is an electronics manufacturer. According to its website, KeyTronicEMS "is a value-added electronic manufacturing service provider to some of the world's leading OEMs [Original Equipment Manufacturers]" and "specializes in PCBA [printed circuit board assembly] full product assembly, plastic molding, precision metal stamping, fabrication and finishing, and engineering services."

12. CDR is or was an electronics manufacturer. According to its website, CDR provides "efficient manufacturing" that is designed to accelerate success for its customers. CDR did or does business as Ayrshire Electronics.

13. Upon information and belief, KeyTronicEMS acquired CDR in September 2014. CDR remains active with the Minnesota Secretary of State.

14. Plaintiffs' paystubs continued to be provided by Ayrshire Electronics MN after September 2014.

15. Upon information and belief, Defendants' gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

*Manufacturing Associates*

16.     Plaintiffs and the putative class and collective members are employed, or have been employed by Defendants within the past three years, and performed work that included the handling, preparing, assembling and testing involved in the manufacturing of electronic devices.  They worked as warehouse associates, material handlers, machine operators, assemblers, component prep operators, and under other similar job titles (collectively "manufacturing associates").

17.     Defendants required manufacturing associates to wear certain protective gear while performing their job duties.  The purpose of the gear is to prevent Electrostatic Discharge (ESD), which can create sparks and cause damage to sensitive electronic devices.  The protective gear Defendants required manufacturing associates wear includes full-sole foot-grounding straps, a smock, wrist straps, and safety glasses.

18.     Defendants required that manufacturing associates don and doff (put on and take off) this protective gear on Defendants' premises.

19.     After putting on the required protective gear, Defendants required manufacturing associates wait in line and receive clearance at a check-in station.

20.     Only after they received clearances could manufacturing associates clock into Defendants' timekeeping system.

21.     This off-the-clock donning and doffing and security line policy and practice results in unpaid work.

22.     Manufacturing associates also performed unpaid work at the end of their shift.  Defendants required manufacturing associates to clock out before doffing their

protective gear.

23. Defendants require manufacturing associates partake in these unpaid work activities solely for the benefit of Defendants.

24. These donning and doffing and security line activities are integral and indispensable to manufacturing associates' principal work activities.

25. There was, and continues to be, little variance in the amount of uncompensated time spent by individuals to perform these activities and the task of recording the time spent on them does not pose a significant administrative burden to Defendants.

26. Defendants were aware that their policy of refusing to pay for time spent donning and doffing protective gear violated the law.  A former manager of the company, Michelle Lutgen, sent an email to members of Defendants' upper management team that contained the litigation history of a lawsuit against her former employer, Celestica Corp. She advised Defendants' managers that Celestica Corp. had been sued for failing to pay its employees for time spent donning and doffing protective uniforms and expressed concern that Defendants too were violating the law by failing to pay Plaintiffs and the putative class members for their time spent donning and doffing protective gear.  This email was ignored.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs and the putative collective re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

28. Plaintiffs bring Count I on behalf of themselves and the following:

>All persons who worked as warehouse associates, material handlers, machine operators, assemblers, component prep operators, and all other similar job titles (collectively "manufacturing associates") for Defendants at their Oakdale, Minnesota facility at any time since three years prior to the filing of this Complaint (the proposed "FLSA Collective").

29. Plaintiffs and the putative FLSA Collective are victims of Defendants' widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et seq.*, and that have caused significant damage to Plaintiffs and the putative FLSA Collective.

30. Defendants willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, failing to pay employees proper overtime compensation within the meaning of 29 U.S.C. § 255.

31. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and all similarly situated employees, and as such, notice should be sent to the FLSA Collective.

32. There are numerous similarly situated current and former employees of Defendants who have suffered from the common policies and plans of Defendants, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants, and are readily identifiable through Defendants' records.

33. Pursuant to 29 U.S.C. § 216(b), Plaintiffs have consented in writing to be a party to the FLSA claims asserted in this action. Plaintiffs' signed consent forms are attached as Exhibit A. To date, ten (10) additional plaintiffs have also consented to bring claims against Defendants by filing a written consent form with this Court, attached as

Exhibit B. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

## RULE 23 CLASS ACTION ALLEGATIONS

34. Plaintiffs and the proposed class re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

35. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiffs bring Counts II and III on behalf of themselves and on behalf of the following:

> All persons who worked as warehouse associates, material handlers, machine operators, assemblers, component prep operators, and all other similar job titles (collectively "manufacturing associates") for Defendants at their Oakdale, Minnesota facility at any time since three years prior to the filing of this Complaint (the proposed "Rule 23 Class").

36. The members of the class identified above are so numerous that joinder of all members is impracticable. The exact number of the class is unknown, but may be determined from records maintained by Defendants. Upon information and belief, there are at least 200 employees currently working at Defendants' facility in Oakdale, Minnesota.

37. There are numerous and substantial questions of law and fact common to all of the members of the Class including, but not limited to, the following:

a) Whether Defendants had a common practice or policy of failing to properly compensate Plaintiffs and the putative Rule 23 Class for all time worked in violation of Minn. Stat. §§ 181.101, 181.13, and 181.14;

b) Whether Defendants failed to comply with the requirements of Minn. R. 5200.0120, sub.1;

c) Whether Defendants failed to keep accurate time records in violation of Minn. Stat § 177.30, resulting in fines of $1,000 per violation;

7

    d) The proper measure and calculation of damages; and

    e) Whether the Defendants' actions were willful.

38. Defendants are expected to raise common defenses to this class action, including denial that they were required to pay for or record time spent donning and doffing protective gear worn by Plaintiffs.

39. Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in the prosecution of complex litigation.

40. The claims Plaintiffs set forth in this Complaint are typical of the claims of the Rule 23 Class. Plaintiffs have the same interests and suffer from the same injury as the class members. Plaintiffs and the class they seek to represent were not paid for the time they spent donning and doffing protective gear and the time spent waiting in line at the ESD clearance check-in station.

41. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair an efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. There do not appear to be any difficulties in managing this class action.

42. Upon information and belief, no other member of the Rule 23 Class has an interest in individually controlling the prosecution of his/her claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she may "opt out" of this action upon receipt of the class action notice pursuant to the Federal Rules of Civil Procedure, Rule 23(c)(2)(B).

43. Plaintiffs are unaware of any other litigation concerning this controversy commenced by or for other class members.

44. Litigation should be concentrated in this forum because the class members are or were employed at Defendants' facility located in Oakdale, Minnesota, which is located within this forum.

45. The Court has the resources and ability to effectively manage this class action.

## COUNT I
## FAILURE TO PAY PROPER OVERTIME COMPENSATION
### (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)
### *On Behalf of Plaintiffs and the putative FLSA Collective*

46. Plaintiffs, on behalf of themselves and the putative FLSA Collective, re-allege and incorporate by reference the above paragraphs as though fully stated herein.

47. The FLSA, 29 U.S.C. § 207, requires covered employers to pay their employees for hours worked in excess of forty (40) in an individual work week at a rate no less than one and one-half times their regular hourly rate of pay.

48. Defendants are "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

49. Plaintiffs and the putative FLSA Collective are "employees" employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

50. Plaintiffs and the putative FLSA Collective routinely worked more than forty (40) hours per week for Defendants and were not compensated for all of their overtime hours worked.

51. Defendants violated the overtime wage requirements of the FLSA by regularly and repeatedly failing to compensate Plaintiffs and similarly situated individuals for their time spent performing the work activities described in this Complaint.

52. Defendants knew, or showed reckless disregard for, the fact that it violated the FLSA by failing to pay Plaintiffs and similarly situated individuals' overtime wages for the work activities described in this Complaint.

53. Defendants' violations of the FLSA were willful.

54. These violations occurred within the statutory period prescribed by 29 U.S.C. § 255(a).

55. Plaintiffs and similarly situated individuals suffered damages as a result of Defendants' violations of the FLSA.

## COUNT II

## VIOLATION OF THE MINNESOTA PAYMENT OF WAGES ACT

### (Minn. Stat. § 181.001, *et seq*.)

*On Behalf of Plaintiffs and the Proposed Rule 23 Class*

56. Plaintiffs, on behalf of themselves and the proposed Rule 23 Class, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

57. Defendants are or were Plaintiffs' and the proposed Rule 23 Class's employers within the meaning in Minn. Stat. § 181.171(4).

58. Minn. Stat. § 181.101 requires every employer to pay "all wages earned" by an employee at least once every 31 days on a regular payday designated in advance by the employer and requires the employer to pay a penalty in the amount of the employee's average daily earnings for up to 15 days if the employer does not make the payment within 10 days of demand.

59. Wages are actually "earned and unpaid" if the employee was not paid for "all time worked" at the employee's regular rate of pay or as required by statute, regulation, rule, ordinance, government resolution or policy, contract, or other legal authority. *See* Minn. Stat. §§ 181.13(a), 181.14, subd. 1.

60. When Defendants failed to compensate Plaintiffs and members of the putative Rule 23 Class for the all of the time they spent completing work activities as described in this Complaint, Defendants violated Minn. Stat. § 181.101.

61. Defendants also failed to meet the requirements of Minn. R. 5200.0120, sub. 1, by failing to properly compensate Plaintiffs and the putative Rule 23 Class

members for all of their hours worked. Minn. R. 5200.0120 requires that the minimum wage must be paid for all hours worked.

62. Time worked includes cleaning time, waiting time, or any other time when the employee must be either on the premises of the employer or involved in the performance of duties in connection with his or her employment or must remain on the premises until work is prepared or available. Minn. R. 5200.0120, subp. 1.

63. Defendants' actions were willful and not the result of mistake or inadvertence. *See* Minn. Stat. § 541.07(5).

64. Defendants, pursuant to their policies and illegal practices, refused and failed to pay Plaintiffs and members of the Minnesota Rule 23 Class for all of their hours worked.

65. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the proposed Rule 23 Class have suffered damages in an amount to be determined at trial.

## COUNT III

**VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT'S RECORD-KEEPING REQUIREMENT**

**(Minn. Stat. § 177.21,** *et seq.***)**

*On Behalf of Plaintiffs and the Proposed Rule 23 Class*

66. Plaintiffs, on behalf of themselves and the proposed Rule 23 Class, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

67. Minn. Stat. § 177.30 requires employers subject to the Minnesota FLSA to

make and keep a record of the hours worked each day and each work week by their employees.

68. Defendants are or were Plaintiffs' and the proposed Rule 23 Class's employer within the meaning in Minn. Stat. § 177.23.

69. Defendants violated Minn. Stat. § 177.30 by failing to make and keep records of the time Plaintiffs and the putative Rule 23 members spend/spent donning and doffing the protective gear they were required to wear while performing their job duties.

70. Under Minn. Stat. 177.27, Subd. 7, as incorporated through Minn. Stat. 177.27, Subd. 8, Defendants are subject to a penalty, recoverable by Plaintiffs of up to $1,000 for each violation for each employee. Plaintiffs are also entitled to attorney fees and costs incurred in connection with this claim under Minn. Stat. 177.27, Subd. 10.

71. Plaintiffs and the putative Rule 23 class members suffer or have suffered damages as a result of Defendants violations of Minn. Stat. § 177.30.

## PRAYER FOR RELIEF

72. WHEREFORE, Plaintiffs, on behalf of themselves and the proposed FLSA Collective, pray for relief as follows:

   a) Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all the putative FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

   b) Judgment against Defendants for an amount equal to Plaintiffs' and the similarly situated employees' unpaid back wages at the applicable overtime rates;

 c) A finding that Defendants' violations of the FLSA are willful;

 d) An amount equal to Plaintiffs' and those similarly situated employees' damages as liquidated damages;

 e) All costs and attorneys' fees incurred prosecuting this claim;

 f) An award of any pre- and post-judgment interest;

 g) Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

 h) All further relief as the Court deems just and equitable.

73.  WHEREFORE, Plaintiffs Kou Thao Vang and Dao Vang as class representatives, on behalf of themselves and the proposed Rule 23 Class, pray for relief as follows:

 a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Rule 23 Class, and the appointment of Plaintiffs Kou Thao Vang and Dao Vang as a class representatives and their counsel as class counsel;

 b) Judgment against Defendants for an amount equal to Plaintiff Kou Thao Vang's and Dao Vang's and the proposed Rule 23 Class' unpaid wages;

 c) For judgment that Defendants' conduct as described herein be determined and adjudicated to be in violation of the MFLSA and the Minnesota Payment of Wages Act;

 d) A finding that Defendants' violations are willful;

 e) An amount equal to Plaintiff Kou Thao Vang and Dao Vang's and the proposed Rule 23 Class' damages as liquidated damages;

 f) Penalties in the amount of $1,000 per employee per violation, as required by Minn. Stat. 177.27;

 g) All costs and attorneys' fees incurred prosecuting this claim;

 h) An award of any pre- and post-judgment interest;

    i) Any applicable liquidated damages; and

    j) All further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

74. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, those similarly situated, and members of the proposed Rule 23 Class demand a trial by jury.

Dated:  December 11, 2017        **NICHOLS KASTER, PLLP**

*s/ Rebekah L. Bailey*
Rebekah L. Bailey, MN Bar No. 289599
Brittany B. Skemp, MN Bar No. 0395227
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone (612) 256-3200
Fax (612) 215-6870
bailey@nka.com
bskemp@nka.com

**R.A. WILLIAMS LAW FIRM, P.A.**
Richard A. Williams
2400 West County Road D, Suite 110
St. Paul, MN 55112
Telephone (651) 848-0280
Fax (651) 848-0282

**ATTORNEYS FOR PLAINTIFFS, THE PUTATIVE FLSA COLLECTIVE AND PUTATIVE RULE 23 CLASS**