UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kou Thao Vang and Dao Vang, on behalf of themselves, others similarly situated, and the proposed Rule 23 Class,<br><br>Plaintiffs,<br><br>v.<br><br>KeyTronicEMS and CDR Manufacturing, Inc.,<br><br>Defendants. | Case No. 17-cv-5408 (WMW/BRT)<br><br>**ORDER PRELIMINARILY APPROVING COLLECTIVE AND CLASS ACTION SETTLEMENT AND DIRECTING NOTICE** |

---

On January 23, 2019, this Court heard the parties' joint motion for preliminary approval of a class and collective action settlement. (Dkt. 23.) The parties move, pursuant to Federal Rule of Civil Procedure 23(e) and Title 29, United States Code, Section 216, for the Court to preliminarily approve, as fair and reasonable, the terms and conditions set forth in their Stipulation of Settlement dated November 7, 2018 (the Stipulation). The Court has reviewed and considered all papers filed in connection with the motion, including the Stipulation and all exhibits referenced therein, and has reviewed the parties' joint motion for preliminary approval of a class and collective action settlement. For the reasons addressed below, the Court grants the motion.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. This Court has jurisdiction over the subject matter of this litigation and jurisdiction over the parties. *See* 28 U.S.C. §§ 1331, 1367.

2. For the purpose of settlement only, certification of the proposed class is appropriate because the four prerequisites to class certification are met: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a). For the purpose of settlement only, the proposed class also satisfies the predominance and superiority requirements of class certification. *See* Fed. R. Civ. P. 23(b)(3).

3. For the purpose of settlement only, certification of the proposed class as a collective action under the Fair Labor Standards Act (FLSA) is appropriate because the proposed class comprises similarly situated employees. *See* 29 U.S.C. § 216(b).

4. The Court has conducted a preliminary fairness review of the Stipulation pursuant to Federal Rule of Civil Procedure 23(e). The Stipulation is fair, reasonable, and adequate, and the negotiated resolution, including the payments to be made to the Settlement Class Members and to the Settling Plaintiffs who file a Claim Form and Release, is within the range of fair and reasonable settlements for both the Settlement Class Members and the Settling Plaintiffs.

5. The plan for notice set forth in the Stipulation, including the notice documents attached thereto, comply with due process because they will provide the best notice practicable under the circumstances and are reasonably calculated to adequately apprise plaintiffs and class members of: (i) the pending lawsuit; (ii) the proposed settlement; and (iii) their rights, including the right to participate in the settlement, exclude themselves from the settlement, or object to the settlement, as applicable to each person.

Based on the forgoing and all of the files, records, and proceedings herein **IT IS ORDERED THAT**:

1. The parties' joint motion for preliminary approval of a class and collective action settlement, (Dkt. 23), is **GRANTED** as addressed herein.

2. **Definitions.** Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Stipulation.

3. **Settlement Class.** The following class is conditionally certified for the purpose of settlement only: All persons who worked as Manufacturing Associates for KeyTronic at KeyTronic's Oakdale, Minnesota facility at any time from December 14, 2014, through April 11, 2018. Plaintiffs Kou Thao Vang and Dao Vang are conditionally approved as Class Representatives. Plaintiffs' Counsel are conditionally approved as class counsel.

4. **Settlement Collective Action.** Pursuant to the procedures for a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the Court certifies a collective action, for the purpose of settlement only, of all persons who worked as Manufacturing Associates for KeyTronic at KeyTronic's Oakdale, Minnesota facility during the Relevant Period.

5. **Settlement Approval.** The Settlement Agreement, including but not limited to (1) the release of Federal Released Claims and the State Law Released Claims, (2) the amount of the Total Settlement Amount, (3) the plan of allocation, and (4) the form and content of the Class Notice and Claim Form and Release, are preliminarily approved as fair

and reasonable. The parties are ordered to perform and satisfy the terms and conditions of the Stipulation.

6. **Approval of Settlement Schedule.** Consistent with the terms of this Order, the Court approves the schedule set forth in Section IV.B.10 of the Stipulation.

7. **No Admission.** Neither the Stipulation nor any document referred to therein, any action taken to implement the Stipulation, or anything in this Order may be construed as, or may be used as, an admission or concession by or against any party on any point of fact or law, or of any alleged fault, wrongdoing, or liability whatsoever, such wrongdoing and liability being expressly denied, and no final adjudication thereof having been made in the Litigation.

8. **Application for Attorneys' Fees and Costs.** Plaintiffs' Counsel shall file their Petition for Award of Attorneys' Fees and Costs and application for plaintiff recognition payments in the timeframe provided in Section IV.B.10 of the Stipulation. Plaintiffs' Counsel shall not seek, and in no event shall KeyTronic Corporation[1] pay to Plaintiffs' Counsel, more than the Attorneys' Fees and Costs Award.

9. **Provision of Notice.** The Court approves the contents of and method of directing notice to the Putative FLSA Collective Action Members and the Putative Rule 23 Class Members, as set forth in the Stipulation and accompanying exhibits, and finds that they will provide the best notice practicable under the circumstances, in compliance with

---

[1] Plaintiffs brought this action against KeyTronicEMS and CDR Manufacturing, Inc. d/b/a Ayrshire Electronics. Defendants have maintained consistently that the proper Defendant is KeyTronic Corporation. For the purpose of settlement, the parties agree that the appropriately named Defendant is KeyTronic Corporation.

Federal Rule of Civil Procedure 23; Title 29, United States Code, Section 216; and the standards of due process. Within the time specified in the Stipulation, Plaintiffs' Counsel shall distribute the Class Notice and Claim Forms and Releases to each Putative FLSA Collective Action Members and Putative Rule 23 Class Member by First Class mail. Plaintiffs' Counsel shall mail the Class Notice, the Claim Forms and Releases, and any other notices required by the Court at their expense, which shall be included in the Attorneys' Fees and Costs Award. Plaintiffs' Counsel will use standard devices, including the National Change-of-Address database or equivalent, to obtain forwarding addresses before mailing and will use appropriate skip tracking or a similar resource to take appropriate steps to maximize the probability that Notice will be received by the intended recipients.

10. **Requests to Opt-Out or Exclude.** Putative Rule 23 Class Members who wish to be excluded from the Settlement shall submit the appropriate Rule 23 Settlement Opt-Out Statement pursuant to the terms of the Stipulation. To be effective, such Rule 23 Settlement Opt-Out Statement must be sent to the addresses provided in the Class Notice via United States mail and postmarked no later than 60 days from the date the applicable Class Notice is first mailed. The time to submit a Rule 23 Settlement Opt-Out Statement shall not be enlarged for returned mailings.

11. **Objection to Settlement.** Any Settlement Class Member who wishes to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such objections must be addressed to the Court, Defendants' Counsel, and Plaintiffs' Counsel as provided in the Class Notice, mailed via United States

Mail and postmarked no later than 60 days from the date the Class Notice is first mailed. The time to submit objections shall not be enlarged for returned mailings. Any Settlement Class Member who has not filed and served timely written objections may not speak at the Fairness Hearing. The parties may file with the Court written responses to any filed objections no later than 14 calendar days before the Fairness Hearing.

12. **Failure to Object to Settlement.** Settlement Class Members who fail to object to the Stipulation in the manner specified above will: (1) be deemed to have waived their right to object to the Stipulation; (2) be foreclosed from objecting (whether by subsequent objection, intervention, appeal, or otherwise) to the Stipulation; and (3) not be entitled to speak at the Fairness Hearing.

13. **Appearance at Fairness Hearing.** Any Settlement Class Member who timely objects to the Stipulation in compliance with the terms thereof, and who wishes to speak at the Fairness Hearing may request permission from the Court to do so by submitting to the Court a Notice of Intention to Appear. The Notice of Intention to Appear shall be in writing and must include the individual's name, address, title of the case, a prominent statement that it is his or her "Notice of Intention to Appear," a signature, and a description of the comments to be made at the Fairness Hearing. To be effective, a Notice of Intention to Appear must be sent via United States mail and postmarked no later than 60 days from the date the Class Notices are first mailed. The time to submit a Notice of Intention to Appear shall not be enlarged for returned mailings.

14. **Participation in the FLSA Settlement.** Each Putative FLSA Collective Action Member who wishes to receive a FLSA Settlement Allocation shall complete,

execute and return a Claim Form and Release within 60 calendar days of the initial mailing of the Class Notices.  A Claim Form and Release shall be deemed timely if it is postmarked on or before the 60th day after the initial mailing of the Class Notice.  Putative FLSA Collective Action Members who fail to timely execute and return their Claim Form and Release shall not be entitled to an FLSA Settlement Allocation.

15. **Termination of Agreement.**  If the Settlement Agreement is not finally approved by the Court or for any reason is terminated or otherwise does not become effective, the following will occur: (1) this Preliminary Approval Order, and all of its provisions, will be automatically vacated; (2) the Litigation will proceed as if no settlement has been attempted and notice will be provided to the Putative FLSA Collective Action Members and the Putative Rule 23 Class Members that the settlement will not proceed and that, as a result, no payments will be made; (3) no party shall be deemed to have waived any claims, objections, rights, or defenses, or legal arguments or positions, including, but not limited to, objections to class certification and claims and defenses on the merits; (4) no term or draft of the Stipulation, or any aspect of the parties' settlement discussions, including related documentation, will have any effect or be admissible into evidence for any purpose in the Litigation or in any other proceeding; and (5) neither the Settling Defendant nor any other Defendant Releasee shall have any obligation to pay all or any part of the Total Settlement Amount.

16. **Fairness Hearing.**  On **Wednesday, May 8, 2019**, at **9:00 A.M.**, the Court will hold a Fairness Hearing to determine whether the Stipulation should be finally approved as fair, reasonable, and adequate.  The date of the Fairness Hearing will be

included in the Class Notice.  All supporting papers, including Plaintiffs' Counsel's request for attorneys' fees and reimbursement of costs, and class member incentive awards, shall be filed no later than 14 days before the Fairness Hearing.  The Court may order the Fairness Hearing to be postponed, adjourned, or continued.  If that occurs, the parties will not be required to provide additional notice to Putative FLSA Collective Action Members or the Putative Rule 23 Class Members.

17. **Stay of Proceedings.**  During the Court's consideration of the Stipulation and pending further order of the Court, all proceedings in this Litigation, other than proceedings necessary to carry out the terms and provisions of the Stipulation, or as otherwise directed by the Court, are hereby stayed and suspended.

Dated:  January 28, 2019                          s/Wilhelmina M. Wright
                                                                                Wilhelmina M. Wright
                                                                                United States District Judge