UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kou Thao Vang and Dao Vang, on behalf of themselves, others similarly situated, and the proposed Rule 23 Class,<br><br>Plaintiffs,<br><br>vs.<br><br>KeyTronicEMS and CDR Manufacturing, Inc. d/b/a Ayrshire Electronics,<br><br>Defendants. | Civil File No. 0:17-cv-05408-WMW-BRT<br><br>[PROPOSED] **ORDER AND FINAL JUDGMENT** |

On May 8, 2019, the Court heard the Parties' Motion for Final Approval and Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs and held a Fairness Hearing to determine whether the Stipulation of Settlement dated November 7, 2018 (the "Stipulation") should be finally approved as fair, reasonable, and adequate. The Court, having considered all of the submissions and arguments with respect thereto; pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 201 *et. seq.*, and in accordance with the terms of the Stipulation, finds good cause to grant the motion and issue final judgment in this Litigation.

**FINDINGS:**

**1.   Jurisdiction.**  The Court has jurisdiction over this Litigation and jurisdiction over the Parties.

**2.   Fair Settlement.**  The Settlement is fair, reasonable, and adequate in all respects, and complies with Fed. R. Civ. P. 23(e) and due process of law.

3. **Parties' Compliance with Settlement Agreement.** The Parties have adequately performed their obligations under the Stipulation, including but not limited to providing notice of the settlement in accordance with the Stipulation, which notice was the best notice practicable under the circumstances of these proceedings and fully satisfied the requirements and the procedures for a collective action under the FLSA and the requirements of due process.

4. **The Settlement Is a Good-Faith Settlement of a *Bona Fide* Dispute.** The Settlement of this Litigation was not the product of collusion between Plaintiffs and the Defendants or their respective counsel, but rather constitutes the settlement of a *bona fide* dispute as a result of arms-length negotiations conducted in good faith between the parties and their counsel.

**IT IS ORDERED THAT:**

1. **Definitions.** This Order and Final Judgment incorporates by reference the definitions in the Stipulation.

2. **Settlement Class Members**. With the exception of Jessica Seim, the individuals identified in Exhibit 3 to the Parties' joint motion for final settlement approval shall make up the settlement class and shall release the State Law Released Claims.

3. **Settlement Plaintiffs**. Exhibit 1 to the Parties' joint motion for final settlement approval identifies the Settling Plaintiffs who additionally release their Federal Released claims.

4. **Settlement Approval**. Pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 201 *et. seq.*, this Court hereby approves the Settlement in all respects, including but not limited to (1) the notice provided to the Putative FLSA Collective Action Members and the Putative Rule 23 Class Members, (2) the release of the Federal Released Claims and the State Law Released Claims, and (3) the amount of the Total Settlement Amount. The Parties are hereby directed to perform pursuant to the terms of the Settlement Agreement.

5. **Settling Plaintiffs' Full and Final Release; Injunction and Bar Against Further Actions.** In accordance with the Stipulation, the Settling Defendant and all other Defendant Releasees are hereby fully and finally released from any and all Federal Released Claims of the Settling Plaintiffs and any and all State Law Released Claims of the Settlement Class Members. All Settling Plaintiffs are hereby forever barred and enjoined from instituting or prosecuting any of the Federal Released Claims against the Defendant Releasees and all Settlement Class Members are hereby forever barred and enjoined from instituting or prosecuting any of the State Law Released Claims against the Defendant Releasees, including but not limited to in a class or collective action.

6. **Approval of Attorneys' Fees and Cost Award.** Plaintiffs' Counsel has moved for an award of attorneys' fees and reimbursement of expenses consistent with the Attorneys' Fees and Costs Award set forth in the Stipulation. The Court awards Plaintiffs' Counsel's requested attorneys' fees in the amount of $36,444.18, as well as costs and expenses totaling $4,533.84. The Court finds this award to be fair and reasonable. The awarded fees, costs, and expenses shall be paid from the Total Settlement Amount in

accordance with the terms of the Stipulation.  This award fully satisfies all claims for attorneys' fees and/or costs by any legal counsel retained by or serving any Plaintiffs in the Litigation.  Except for the Attorneys' Fees and Costs Award, the parties are to bear their own costs and fees.

**7.     Approval of Service Payments.**  Plaintiffs' have moved for an award of a service payments to the Named Plaintiffs in the amount of $500 each, for each Named Plaintiff's contributions to the case.  The Court awards the service payments as requested.  The service payments shall be paid from the Total Settlement Amount in accordance with the terms of the Stipulation.

**8.     Approval of the Allocation Plan and Distribution of the Total Settlement Amount.**  The Court approves the proposed Allocation of Settlement proceeds as set forth in the Stipulation and the parties are directed to distribute the settlement proceeds accordingly.

**9.     Approval of the *Cy Pres* Recipient.**  The Court approves the National Employment Law Project ("NELP") as the *cy pres* recipient to receive the amounts of any uncashed settlement checks, as well as the value of all State Law Settlement Allocations attributed to Settlement Class Members who cannot be located through the notice process contemplated by the Stipulation.

**10.    Dismissal with Prejudice.**  In accordance with the Stipulation, the Court dismisses the Litigation with prejudice and without further costs.

11. **Dismissal without Prejudice**. In accordance with the Stipulation, the Court dismisses from Litigation without prejudice and without further costs the claims of Jessica Seim, the Opt-Out Rule 23 Plaintiff, and the FLSA claims of Moua Yang, the Opt-in Plaintiff who did not become a Settling Plaintiff. The statute of limitations for these claims of these individuals are tolled for thirty days following the date of this order.

12. **Continuing Jurisdiction.** Without affecting the finality of this judgment, the Court reserves continuing jurisdiction over the construction, interpretation, implementation, and enforcement of this Settlement and any orders related thereto, and over the administration and distribution of the Total Settlement Amount.

13. **No Admission.** Neither the Stipulation nor any document referred to therein, any action taken to implement the Stipulation, nor anything in this Order or any prior order of this Court may be construed as, or used as, an admission or concession by or against any Party on any point of fact or law, or of any alleged fault, wrongdoing, or liability whatsoever, such wrongdoing and liability being expressly denied, and no final adjudication thereof having been made in the Litigation. Defendant Releasees may file the Stipulation and/or the Judgment from this action in any other action that may be brought against it to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. **Termination of the Settlement.** If the Settlement Agreement is terminated, for any reason, the following will occur: (1) all orders entered in this case, including this

Final Approval Order and all of its provisions, will be automatically vacated; (2) the Litigation will proceed as if no settlement has been attempted and notice will be provided to the Putative FLSA Collective Action Members and the Putative Rule 23 Class Members that the settlement will not proceed and that, as a result, no payments will be made; (3) no party shall be deemed to have waived any claims, objections, rights, or defenses, or legal arguments or positions, including, but not limited to, objections to class certification and claims and defenses on the merits; (4) no term or draft of the Stipulation, or any aspect of the Parties' settlement discussions, including related documentation, will have any effect or be admissible into evidence for any purpose in the Litigation or in any other proceeding; and (5) neither the Settling Defendant nor any other Defendant Releasee shall have no obligation to pay all or any part of the Total Settlement Amount.

    **15.**    **Final Judgment**. This is a final judgment. In the event that this Order is determined not to be final, the Court finds and directs, pursuant to Fed. R. Civ. P. 54 that there is no just reason for delaying enforcement or appeal, that judgment should be entered, and that the judgment shall be final and immediately appealable.

Date:_____                        _____
                                                           The Honorable Wilhelmina M. Wright
                                                           United States District Court Judge